**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2744
_____

YAN XIE,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-025-238)
Immigration Judge:  Honorable Annie S. Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 5, 2010
Before:  SCIRICA, SMITH and WEIS, Circuit Judges

(Opinion filed: May 6, 2010)
_____

OPINION
_____

PER CURIAM.

Petitioner Yan Xie seeks review of the Board of Immigration Appeals'

("BIA") final order of removal.  For the following reasons, we will deny her petition.

1

Xie, a native and citizen of China, entered the United States on or about March 23, 2006. She was served with a notice to appear and conceded removability. As relief from removal, Xie filed applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

Before the Immigration Judge ("IJ"), Xie testified that in October of 2005, while visiting her aunt, she happened upon a monthly meeting of Falun Gong practitioners. Amongst the practitioners were her aunt and an old classmate. Xie testified that she joined another meeting and distributed Falun Gong flyers on one occasion, even though she knew about the crackdown in China. She testified that she dropped off about 20 flyers and the police did not observe her engaging in this conduct. However, Xie later learned that her name was placed on a government bulletin board, instructing her to report to the police within fifteen days of the posting. She did not report to the police station for fear of being beaten, and instead, went into hiding. Her aunt, however, was detained for two weeks, beaten, and placed under police surveillance. Xie alleges that the police continued to look for her and harassed her parents. To escape, Xie left China and traveled to Thailand, but returned to China for two months. She was not arrested or contacted by the police during this time.

The IJ issued an adverse credibility finding and denied her applications for relief. The IJ based the adverse credibility finding on Xie's inconsistent statements, the lack of specific details in her testimony, and the fact that the letters provided by her aunt

and friend appeared to be similar and deliberately vague. Xie sought review, and the BIA dismissed her appeal. The BIA did not address the IJ's adverse credibility determination, but found that, even assuming Xie had testified credibly, she did not establish eligibility for relief. Specifically, the BIA found that she failed to establish that she faced past persecution or a well-founded fear of future persecution. The BIA upheld the IJ's denials of asylum and withholding of removal, and also found that Xie had not shown that the IJ erred in concluding that she was ineligible for CAT protection. Xie now petitions this Court for review of the BIA removal order.

We have jurisdiction to review the BIA's final order of removal pursuant to 8 U.S.C. § 1252(a)(1). See Abdulai v. Ashcroft, 239 F.3d 542, 548 (3d Cir. 2001). We review these findings, including any credibility determinations, under a substantial evidence standard. See Cao v. Att'y Gen., 407 F.3d 146, 152 (3d Cir. 2005). Under the substantial evidence standard, we must uphold the BIA's decision unless the evidence not only supports a contrary conclusion, but compels it. See Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001).

Xie does not challenge the BIA's conclusion that she fails to establish past persecution. Rather, her main argument is that she is eligible for asylum because of her fear of future persecution on the basis of "imputed political opinion." See Singh v. Gonzales, 406 F.3d 191, 196 (3d Cir. 2005); Lukwago v. Ashcroft, 329 F.3d 157, 181 (3d Cir. 2002). The pertinent question is whether the persecutor has attributed a political

3

view to the victim and acted on that attribution. Singh, 406 F.3d at 196 (applying Sangha v. INS, 103 F.3d 1482, 1489 (9th Cir. 1997)). Unlike Singh, who the police arrested, beat, threatened, and repeatedly sought out, Xie has never had any contact with the police in China. In fact, she testified that she cannot state why her name was listed on the bulletin board, relying on her mother's speculation that it "probably" involved Falun Gong members. (A.R. 49.) Her classmate who informed her that her name was on the board had no idea why Xie's name was listed. Also, Singh was deemed "very credible" in testifying about his father's prior arrests and political activities, his own political activities, and that the police beat him in order to manipulate his father's political activities. Singh, 406 F.3d at 197. Here, the record does not contain any evidence demonstrating that the police targeted Xie based on imputed political opinion. In fact, the police never mistreated Xie when she was in China. Xie did not mention in her affidavit that the police were searching for her, testifying that it was because "[p]robably I was forgetful." (A.R. 65.) During her credible fear interview, she also stated that the police had not gone to her house to look for her. (A.R. 110.)

Xie's claim is also undercut by the fact that she voluntarily returned to China for a period of time, without any interference, and experienced no harm or mistreatment by the police before departing for the United States. In addition, "when family members remain in petitioner's native country without meeting harm, and there is no individualized showing that petitioner would be singled out for persecution, the

4

reasonableness of a petitioner's well-founded fear of future persecution is diminished." Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005). Xie argues that the BIA improperly relied on the fact that her mother has not been harmed since Xie departed China. However, the BIA also noted that Xie's aunt and classmate, both of whom practice Falun Gong, have not asserted that they experienced persecution since the initial incident that occurred in 2005. Moreover, the BIA's reference to Xie's mother was to show that Xie provides no proof that police have come looking for her since the date of her mother's letter in 2007. Thus, Xie's argument is unavailing as it is merely speculative that she will face harm if removed to China.

As Xie fails to meet the burden for asylum, she fails to meet the higher burden for withholding of removal. In addition, we agree with the BIA that she has not shown that she would more likely than not face torture, and therefore, is ineligible for CAT protection.

For these reasons, the petition for review is denied.